ROBERT PATTERSON AND JOSEPH E. PATTERSON, TRADING, &c., v. WILSON LOUGHRIDGE, IMPLEADED, &c.

1. Unless it be otherwise expressly ordered by the court, a rule to show cause why there should not be a new trial supersedes the rule for judgment *nisi* entered upon return of the *postea*.

2. Judgment final should be entered as of the date when the rule discharging rule to show cause is entered in the minutes.

---

On motion to amend date of entry of final judgment.

Argued at November Term, 1883, before Justices REED and PARKER.

For the motion, *L. Lupton.*

*Contra, E. Cutter.*

The opinion of the court was delivered by

PARKER, J.    In this case a verdict was rendered for plaintiffs at the Middlesex Circuit, in December, 1878.   A rule to show cause why a new trial should not be granted was allowed by the justice before whom the trial was had.   At the February Term, 1879, of the Supreme Court, the *postea* was filed, and a rule for judgment *nisi* entered for plaintiffs.   At the November Term, 1882, a rule refusing a new trial and discharging the rule to show cause was entered in the minutes. Upon this being done, the plaintiffs' attorney entered judgment as of February Term, 1879, the date .of the judgment *nisi.*   No rule for judgment final has been entered in the minutes.

A. judgment *nunc pro tunc* cannot be entered without a special order of the court.   *Erie Railway Co.* v. *Ackerson,* 4 *Vroom* 33.   No such order having been entered in this case, the judgment is set aside.   In ordering final judgment *nunc pro tunc* to be entered, the question presented is, What shall be the date of entry ?   Shall it be as of February Term, 1879, when the *postea* was filed and judgment *nisi* taken, or as of November Term, 1882, when the rule refusing a new trial was entered ?

On the part of the defendant it is moved that the entry of final judgment be as of the last-named date.   The motion is granted.   Unless it be otherwise expressly ordered by the court, a rule to show cause why there should not be a new trial supersedes the rule for judgment *nisi* entered upon the return of the *postea.*   *Erie Railway Co.* v. *Ackerson, supra.*

The defendant is entitled to costs.